# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BLUEFIELD DIVISION

| | |
|---|---|
| **RITA FORTNER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )     **CIVIL ACTION NO. 1:11-00091** |
| | ) |
| **CAROLYN W. COLVIN,** | ) |
| **Acting Commissioner of Social Security,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

This is an action seeking review of the final decision of the Commissioner of Social Security denying the Claimant's application for Supplemental Security Income (SSI), under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. Both parties have consented in writing to a decision by the United States Magistrate Judge. (Document Nos. 3 and 4.) Presently pending before the court is the Commissioner's Motion to Dismiss (Document No. 10.) and Plaintiff's Response in Opposition. (Document No. 12.)

The Commissioner seeks dismissal of Plaintiff's Complaint on the ground that it was filed on February 9, 2011, more than 60 days after receipt of the Commissioner's final decision and, therefore, did not comply with 42 U.S.C. § 405(g). The Commissioner asserts that Plaintiff should have commenced this action on or before February 7, 2011.

The Court makes the following findings as to the procedural history in this case:

1. The Appeals Council entered an Order on Remand from this Court on December 2, 2010, finding that Claimant was ineligible for SSI.

2. The Plaintiff filed her Complaint with the Clerk of the District Court on February 9, 2011,

by her attorney, Eric M. Francis. (Document No. 1.)

    3. The Plaintiff filed her Application to Proceed Without Prepayment of Fees or Costs on March 4, 2011. (Document No. 6.)

Judicial review of a determination made by the Commissioner of Social Security is controlled by 42 U.S.C. § 405(g), which provides in pertinent part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia.

Pursuant to the Commissioner's authority under § 405(g) to allow "further time" for the commencement of civil actions, the Commissioner promulgated 20 C.F.R. § 422.210(c)(2010). Under the regulation, the 60-day period starts when notice is received by the claimant. The regulations also create a rebuttable presumption that the claimant receives the notice "five days after the date of such notice." A claimant can rebut this presumption by making a "reasonable showing to the contrary" that he or she did not receive such notice within the five days. 20 C.F.R. § 422.210(c)(2010). If the claimant successfully rebuts the presumption, the burden is then placed upon the Commissioner to establish that the claimant received actual notice. McCall v. Bowen, 832 F.2d 862, 864 (5th Cir. 1987); Matsibekker v. Heckler, 738 F.2d 79, 81 (2d Cir. 1984).

In the present case, the Appeals Council issued its decision on December 2, 2010. Pursuant to 20 C.F.R. § 422.210(c), Plaintiff is presumed to have received the notice from the Appeals Council on December 7, 2010. Thus, the 60-day period ran on February 5, 2011. That day fell on

a Saturday, on which the Court was closed. Pursuant to Fed. R. Civ. P. 6(a)(1)(c), the 60-day period therefore, ran on February 7, 2011. Claimant has not attempted to rebut the presumption that she received the Appeals Council's notice on or before December 7, 2010. Claimant's counsel asserts that the Complaint was filed two days late because he "had shingles and was contagious." (Document No. 12 at 1.) Counsel states that his condition further "made it difficult to do any work, much less the needed social security work in question." (Id.) He therefore asserts, that this excuse constitutes "excusable neglect" pursuant to Rules 6 and 60 of the Federal Rules of Civil Procedure. (Id.)

The statute of limitations of 42 U.S.C. § 405(g) is subject to equitable tolling. See Bowen v. City of New York, 476 U.S. 467, 478-79, 106 S.Ct. 2022, 2029-30, 90 L.Ed.2d 462 (1986). The Supreme Court held in Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 456, 112 L.Ed.2d 435 (1990), that a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he or she has been pursuing his or her rights diligently; and (2) that some extraordinary circumstance stood in his or her way.

The Court finds that although Plaintiff did not file her Complaint on time pursuant to 42 U.S.C. § 405(g) and the applicable regulation, equitable tolling applies. Plaintiff's Complaint was filed only two days late and her counsel offers a reasonable explanation as to why her Complaint was not filed earlier. Plaintiff's counsel consistently files social security cases before this Court in a timely manner, and Plaintiff's late filing in this instance was due to unforseen circumstances related to counsel's illness. Plaintiff therefore, has met her burden that she was pursuing her rights diligently and that some extraordinary circumstance stood in her way. The Court considers Plaintiff's counsel's illness, shingles, as an extraordinary circumstance. As such, equitable tolling applies in this matter, excusing Plaintiff's late filing of her Complaint by only two days.

Accordingly, for the reasons set forth in this Memorandum Opinion, the Defendant's Motion to Dismiss (Document No. 9.) is **DENIED**. The Commissioner is directed to file her Answer and a copy of the Administrative Transcript in this matter on or before **December 9, 2013.**

The Clerk is directed to send a copy of this Memorandum Opinion to counsel of record.

ENTER: November 13, 2013.

R. Clarke VanDervort
United States Magistrate Judge